# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ELIZABETH D. HENSLEY | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| Vs. | ) CASE NUMBER: _____ |
| | ) |
| IU HEALTH NORTH | ) |
| HOSPITAL | ) |
| | ) |
|       Defendant. | ) |

## COMPLAINT FOR EMPLOYMENT
## DISCRIMINATION AND RETALIATION

I.        PARTIES TO THIS COMPLAINT

    A.  THE PLAINTIFF:

> Elizabeth D. Hensley
> 5873 Aldridge Drive
> Whitestown, IN 46075
> Phone: 765-894-2821
> Ewasham1980@att.net

    B.  THE DEFENDANT:

> IU Health North Hospital
> 11700 N Meridian St.
> Carmel, IN 46032
> ATTN: Sarah Bowers
> Associate General Counsel
> IU HEALTH
> 340 W 10th St
> Indianapolis, IN 46202

II.   <u>BASIS FOR JURISDICTION</u>

   A.  This action is brought for discrimination in employment pursuant to the following:

      a.  Indiana Code §§ 22-9-1 *et seq.*

      b.  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

      c.  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

   B.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission on December 20, 2021. (See Exhibit "A").

   C.  The Date of Plaintiff's Notice of Right to Sue letter is January 11, 2022. (See Exhibit "B").

   D.  The date Plaintiff received her Notice of Right to Sue letter was February 1, 2022. (See Exhibit "C").

III.   <u>STATEMENT OF FACTS</u>

1. Elizabeth D. Hensley (the "Plaintiff") began working at IU Health North Hospital (the "Defendant") on February 19th, 2019.

2. During early 2019, the Plaintiff worked on the Defendant's "Med/Surg" unit, where her responsibilities included caring for and moving high-weight patients.

3. In October of 2019, the Plaintiff sustained a work-related injury to her shoulder (the "First Injury").

4. Plaintiff's physician provided an accommodation request in early October of 2019 to Defendant.

5. The Accommodations on the Plaintiff's physician's accommodation request were not made by the Defendant and the Plaintiff continued to be scheduled to work on the "Med/Surg" unit, caring for high-weight patients through early November 2019.

6. In Early November, 2019, The Plaintiff was transferred by the Defendant to the Defendant's Post-Partum Unit, where she worked at a desk pursuant to her physician's accommodation request.

7. After Plaintiff was removed from accommodations, she worked on the Post-Partum Unit as a Patient Care Technician ("PCT").

8. On or around September 18, 2020, the Plaintiff sustained another injury while at work for the Defendant (the "Second Injury").

9. The Second Injury required a major surgery, which was scheduled for December 11, 2020.

10. The Plaintiff submitted a Medical Accommodation Form ("MAF") with a beginning date of September 28, 2020.

11. The Plaintiff's requested accommodations ended November 22, 2020, despite her surgery date.

12. Between late November, 2020, and Early December, 2020, the Plaintiff had no workplace accommodations in place.

13. Between late November 2020 and early December 2020, the Plaintiff was not scheduled to work by the Defendant and had not been given any notice that her accommodations had been rejected.

14. The Plaintiff had her surgery and, following recovery, was available to work again as of February 23, 2021, subject to physician-requested accommodations.

15. The physician-requested accommodations as of February 23, 2021, requested that the Plaintiff be assigned to desk work and reduced physical activity.

16. The Plaintiff was not scheduled for any desk shifts subsequent to her request for accommodations and was not notified whether or not her accommodation requests had been approved or denied.

17. The Plaintiff was taken off of the schedule by the Defendant following her request for accommodations, and the Defendant's informed Plaintiff that she would be unable to fully return to work until she was "fully released".

18. The Plaintiff filed for Workman's Compensation due to her being unable to return to work.

19. The Plaintiff worked a COVID-related shift for the Defendant in early March of 2021.

20. Following the shift, the Defendant kept the Plaintiff off of the schedule.

21. Plaintiff's son relied heavily on the insurance received by Plaintiff from Defendant due to an underlying medical condition.

22. On July 2, 2021, Following the Plaintiff informing the Defendant of her son's medical condition, the Plaintiff received Notice from the Plaintiff that she had been discharged.

23. The discriminatory conduct of which the Plaintiff filed this complaint upon includes Failure to Accommodate, Retaliation and Discrimination.

IV.     <u>FAILURE TO ACCOMMODATE PLAINTIFF'S DISABILITY.</u>

24. Defendant discriminated against Plaintiff by failing to accommodate her reasonable medical accommodation requests.

25. Plaintiff contends that Defendant discriminated against her based on her disability derived from her work-related injury.

26. Defendant had notice of the injury sustained by the Plaintiff while working for the Defendant.

27. The injury caused the Plaintiff to require accommodations pursuant to recommendations given by Plaintiff's physician.

28. Plaintiff informed Defendant of the accommodation requests given to her and recommended for her by her physician.

29. Plaintiff attempted to return to work, subject to her reasonable accommodation requests.

30. Defendant denied Plaintiff's reasonable accommodation requests and failed to allow her to return to work.

31. Plaintiff was discharged through a letter received by the Plaintiff from the Defendant in early July of 2021.

32. Defendant's failure to accommodate the Plaintiff's reasonable accommodation requests has led to monetary losses accumulated by the Plaintiff as a result of being out of work.

33. Defendant's failure to accommodate has caused the Plaintiff to suffer mental and emotional distress.

34. Defendant's failure to accommodate has led to a loss in insurance coverage, which has caused further monetary loss to the Plaintiff.

V.      RETALIATION RELATED TO WORKMAN'S COMPENSATION CLAIM

35. Plaintiff contends that Defendant constructively terminated her employment due to the Plaintiff filing a Workman's Compensation Claim.

36. The Defendant informed the Plaintiff that she could not allow the Plaintiff to return to work until fully released by her doctor.

37. Subsequently, the Plaintiff filed for Workman's Compensation.

38. Following the Defendant having Notice of the Plaintiff's Workman's Compensation Claim, the Defendant did not schedule the Plaintiff for any additional shifts.

39. Defendant finally discharged the Plainitiff, after failing to schedule the Plaintiff to work for months, through a writing received in early July of 2021.

40. Defendant failed to schedule Plaintiff in retaliation of the Plaintiff filing a Workman's Compensation Claim.

41. Defendant failed to schedule the Plaintiff in an effort to constructively terminate Plaintiff's employment.

42. Defendant eventually discharged the Plaintiff as a response to Plaintiff having filed a Workman's Compensation Claim by a letter received by the Plaintiff after many months of not being scheduled to work by the Defendant.

43. Defendant violated public policy by discharging, either actually or constructively, the Plaintiff following her filing a Workman's Compensation Claim.

44. Defendant's wrongful discharge of the Plaintiff has caused the Plaintiff to suffer monetary losses of compensation, to suffer mental and emotional distress, and has caused Plaintiff to incur medical bills due to her loss of insurance coverage provided by Defendant.

VI.    RETALIATION AND FAILURE TO ACCOMMODATE BASED ON PLAINTIFF'S SON'S MEDICAL CONDITION.

45. Plaintiff's child (the "Child") suffers from Type I Diabetes.

46. Concerned about losing her insurance coverage after wrongfully being taken off of the schedule, Plaintiff contacted Defendant regarding the Child's condition and the need to remain covered by Defendant's insurance.

47. Defendant had notice of the Child's medical condition.

48. In response to being notified of the Child's medical condition, the Defendant issued the letter, which was received by Plaintiff in early July of 2021, which discharged the Plaintiff from Defendant's employment.

49. Defendant discharged the Plaintiff in retaliation to the Child's medical condition.

50. Defendant discriminated against Plaintiff and the Child due to the Child's medical condition.

51. Defendant's wrongful discharge of the Plaintiff due to and in retaliation of the Child's medical condition has caused the Plaintiff to suffer monetary losses of compensation, to suffer mental and emotional distress, and has caused Plaintiff to incur medical bills due to her loss of insurance coverage provided by Defendant.

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

52. The Plaintiff filed a Charge of Discrimination against the Defendant with the Indiana Civil Rights Commission (the "ICRC") in late December of 2021 under Charge Number 470-2021-03292.

53. The Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission (the "EEOC") on February 1st. 2022 through the EEOC's website" (See Attached Exhibit)

54. Plaintiff retains the right to amend this Complaint when and as necessary upon discovery of additional facts related to the claims herein, or otherwise.

55. Plaintiff requests a trial by jury.

WHEREFORE, the Plaintiff requests this Court issue an order finding the Defendant liable for any and all applicable damages and finding that the Defendant has: I. Discriminated against the Plaintiff by failing to reasonably accommodate her disability; II. Wrongfully terminated the Plaintiff against public policy in retaliation of the Plaintiff filing for Workman's Compensation; and III. Wrongfully terminated the Plaintiff and discriminated against the Plaintiff and her son based on the Child's medical condition. The Plaintiff further requests this Court issue any and all other orders which may be just, necessary and proper in the premises.

Respectfully Submitted,

__/s/ Theodore R. Feddeler_____
Wright & Associates, PC
Theodore R. Feddeler, Attorney
For the Plaintiff, #36369-49

*I certify, by signing below, that to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.*

*Dated:* __04/28/2022_____                    __/s/ Theodore R. Feddeler_____
                                                 Theodore R. Feddeler, Attorney
                                                 For the Plaintiff, #36369-49
                                                 WRIGHT & ASSOCIATES, PC
                                                 8275 Allison Pointe Trail, Suite 375
                                                 Indianapolis, IN 46250
                                                 (317) 575-1900 | Ted@WrightAttys.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via certified mail to the following individuals:

Elizabeth D. Hensley
5873 Aldridge Drive
Whitestown, IN 46075
Phone: 765-894-2821
Ewasham1980@att.net


IU Health North Hospital
11700 N Meridian St.
Carmel, IN 46032

Sarah Bowers
Associate General Counsel
IU HEALTH
340 W 10th St
Indianapolis, IN 46202

_____/s/Theodore R. Feddeler _____
Theodore R. Feddeler, 36369-49